# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:07 CV 00002

| | |
|---|---|
| RUTH HABERSHAM, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHARLOTTE-MECKLENBURG BOARD )<br>OF EDUCATION, DAVID BALDAIA, and )<br>DEBORAH RAMSEY, )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on "Defendants' Motion to Dismiss and *Roseboro* Notice" (Document No. 3) and "Memorandum of Law in Support of Defendants' Motion to Dismiss" (Document No. 4), filed February 6, 2007, and Plaintiff's response in opposition to the motion to dismiss (Document No. 6) filed February 22, 2007. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and this matter is now ripe for disposition

Having fully considered the arguments, the record, and the applicable authority, the undersigned will grant Defendants' motion.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

According to the Complaint, Ruth Habersham ("Plaintiff") was employed by the Charlotte-Mecklenburg Board of Education as a teacher from 1986 until September 29, 2005. Plaintiff contends that she was subjected to a hostile work environment from August 18, 2005 until September 29, 2005 at Phillip O. Berry Academy of Technology. Plaintiff's basis for her claims is

the denial of a permanent classroom that would have provided a reasonable accomodation for her disability. Plaintiff alleges that the denial of her own classroom, and other hostile treatment, were directly attributable to Principal David Baldaia and Assistant Principal Deborah Ramsey.

Plaintiff filed a "Charge of Discrimination" with the U.S. Equal Employment Opportunity Commission ("EEOC") on September 29, 2005. The EEOC investigated Plaintiff's allegations and mailed Plaintiff a "Dismissal and Notice of Rights" on September 20, 2006. The EEOC decision stated that Plaintiff's allegations "did not involve a disability as defined by the Americans With Disabilities Act" and gave notice that if Plaintiff wished to file a lawsuit, it "**must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost." (Emphasis in original).

On January 3, 2007 - 104 days later - Plaintiff brought action in this Court pursuant to Title VII of the Civil Rights Act of 1964 as amended. Plaintiff's Complaint alleges discrimination based on her race, age, and gender that culminated in her "constructive firing" from her teaching position with the Charlotte-Mecklenburg schools. Plaintiff further claims causes of action based on the failure of her employer and/or supervisors to make accomodations for her alleged disability pursuant to the Americans with Disabilities Act of 1990 ("ADA") guidelines, as well as for harassment and creating a hostile work environment. Plaintiff seeks lost wages, future earnings and a reinstatement of her medical and retirement benefits.

Defendants filed a "...Motion to Dismiss..." pursuant to Fed.R.Civ.P. 12(b)(6) on February 6, 2007 which included a notice of Plaintiff's rights pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). The notice correctly explained Plaintiff's right to file briefs and affidavits in opposition to Defendants' motion and the appropriate timing and contents of such a filing.

Defendants also filed a memorandum in support of their motion which focused on the argument that Plaintiff had failed to timely file her action within the 90 day period following receipt of the decision of the EEOC, as required by 42 U.S.C. § 2000e-5(f)(1).

Plaintiff filed a response (Document No. 6) to the Defendants' motion to dismiss on February 26, 2007. The response primarily reasserts Plaintiff's claims; however, it also describes Plaintiff's confusion about dates and her "right to sue." Defendants filed a letter with the Court, also on February 26, 2007 (Document No. 7), stating that they did not intend to file a reply to Plaintiff's brief in response to the motion to dismiss.

## II. STANDARD OF REVIEW

A motion to dismiss for failure to state a claim should be granted if "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

## III. DISCUSSION

Plaintiff brought this suit pursuant to Title VII of the Civil Rights Act of 1964 as amended, codified as 42 U.S.C. § 2000e et seq., which makes it an unlawful employment practice for an employer

> to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2(a)(1). Plaintiff alleges that she was constructively discharged by the

3

discrimination she experienced during her Charlotte-Mecklenburg school employment. Specifically, Plaintiff contends that her supervisors failed to provide her reasonable accomodations for her alleged disability and a stable work environment.

Defendants' motion to dismiss for "failure to state a claim upon which relief can be granted" under Fed.R.Civ.P. 12(b)(6) rests entirely on the argument that Plaintiff's claims are time-barred because she did not file suit in federal court within 90 days of receiving the final decision of the EEOC. By way of response, Plaintiff argues that her depression caused by the events in the underlying claim contributed to her confusion about dates and that she did not understand that her letter from the EEOC was a "right to sue." The Court agrees with the Defendants.

Plaintiff's failure to initiate suit in this Court within 90 days of receiving the EEOC's "Dismissal and Notice of Rights" bars her federal lawsuit.

> A plaintiff in a Title VII action must file suit within 90 days after having received a statutory notice of his right to sue. ... Unless tolled on recognized equitable grounds, the 90 day limit must be adhered to or else the court lacks jurisdiction to adjudicate the plaintiff's complaint.

Harper v. Burgess, No. 81-0085-L, 1982 WL 31090, at *1 (W.D.Va. 1982) citing Stebbins v. Nationwide Ins. Co., 469 F.2d 268, 5 FEPCases 154 (4th Cir. 1972). Furthermore, the Supreme Court has held

> [p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants ... strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.

Baldwin County Welcome Center v. Brown, 466 U.S. 147, 152 (1984); see also City of New Bern Police Dep't., 813 F.2d 652 (4th Cir. 1987) (affirming summary judgment for defendant-employer

because plaintiff's Title VII suit was filed 91 days after receiving the EEOC's right-to-sue letter); Taylor v. Potter, 355 F.Supp. 2d 817 (M.D.N.C 2005) (granting defendants' motion to dismiss because plaintiff's Title VII suit was filed 99 days after receiving the EEOC's right-to-sue letter).

There is no dispute in this case that the EEOC mailed its "Dismissal and Notice of Rights" to Plaintiff on September 20, 2006. There is some question regarding the date of receipt however, which triggers the 90 day period. Plaintiff's Complaint states that she received the notice of right-to-sue letter on September 31, 2006; as Defendants' point out, there are only 30 days in September. Therefore the actual date of receipt is unknown. "Where, as here, the actual date of Plaintiff's receipt of the right-to-sue letter is unknown or in dispute, the court will presume receipt three days after mailing by the EEOC." Taylor, 355 F.Supp. 2d at 819, citing Fed.R.Civ.P. 6(e); Baldwin, 466 U.S. at 148; and Nguyen v. Inova Alexandria Hosp., 187 F.3d 630, 1999 WL 556446, at *3.

If we presume receipt occurred three days after the EEOC mailed the notice then Plaintiff received notice of right to sue on September 23, 2006. The 90 day filing period thus expired on December 22, 2006, and Plaintiff's Complaint was filed 101 days after receipt, on January 3, 2007. Even if one counted from the non-existent date of September 31, 2006, Plaintiff's Complaint was still filed beyond the 90 day period allowed by 42 U.S.C. § 2000e-5(f)(1).

Furthermore, there are no recognized grounds to equitably toll the time constraints on Plaintiff. "Plaintiffs must carry a heavy burden in order for equitable tolling to apply against the government." Steele v. Brown, 993 F.Supp. 918, 921 (M.D.N.C. 1998) citing Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990). In Baldwin, the Court described a series of situations where it would be proper for the 90 day requirement to be equitably tolled:

> a case in which a claimant has received inadequate notice; or where

> a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon; or where the court has led the plaintiff to believe that she had done everything required of her; ... [or] where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction.

Baldwin, 466 U.S. at 151. Also, to the extent Plaintiff alleges her depression prevented her from meeting the filing deadline, it has been held that:

> [i]n order for the Title VII period to be equitably tolled by reason of plaintiff's mental disability, the plaintiff generally must plead and prove that (1) his mental condition prevented him from filing during the specified period, and (2) this condition existed for a majority of the filing period.

Steele, 993 F.Supp. at 921. "Courts generally apply equitable tolling for a mental disability only when Plaintiff has a severe disability that precludes his ability to reason and function in society." Id. at 922. Even viewing the facts in a light most favorable to this pro se Plaintiff, the Court does not find adequate evidence of mental disability, or any other grounds, to toll the 90 day filing period.

As Defendants' contend, because Plaintiff's filed her Complaint outside the 90 day period prescribed by statute, Plaintiff can prove no set of facts which would support her claim and entitle her to defeat the motion to dismiss.

### IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Defendants' Motion to Dismiss..." (Document No. 3) is **GRANTED**, and the Plaintiff's Complaint is hereby **DISMISSED WITH PREJUDICE**.

Signed: May 21, 2007

David C. Keesler
United States Magistrate Judge